# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3795 | **DATE** | 12/11/2003 |
| **CASE TITLE** | Paul Basile vs. Officer Victoria Ondrato, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion. Based on the foregoing analysis, Defendants' Motions 1,2,4,5,7-9,11,12, and 14-25 are granted. Plaintiffs' Motions 3,4,7,9,and10 are also granted. The remaining motions are denied. (23-1,21-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 12 2003 | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 31 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | TP | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAUL BASILE,

    Plaintiff,

vs.    02 C 3795

OFFICER VICTORIA ONDRATO and
OFFICER STEPHEN FULLER, individually,

    Defendants.

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This case arises out of an incident that occurred on January 28, 2002. On that date, Plaintiff Paul Basile contends that he was involved in an altercation. Defendants Victoria Onorato and Stephen Fuller, both officers with the Chicago Police Department, were alerted to the situation and went to the scene. The details of the altercation and the means by which Onorato and Fuller were alerted and became involved in the situation are disputed, but all agree that, as a result of the incident, Basile was arrested. Basile claims that Onorato and Fuller used excessive force in executing his arrest; Onorato and Fuller contend that Basile resisted their efforts to arrest him. Basile filed suit under 42 U.S.C. § 1983. Discovery has been completed

and the case is poised for trial. The parties have filed motions in limine regarding potential evidence.

## LEGAL STANDARD

The power to exclude evidence pursuant to motions in limine is part and parcel of a district court's authority to manage trials. Falk v. Kimberly Servs., 1997 WL 201568, *1 (N.D. Ill. Apr. 16, 1997). Motions in limine should be granted only when the evidence under attack is clearly inadmissible on all potential grounds. Hawthorne Partners v. A.T. & T. Technologies, Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). The admissibility of some proposed evidence cannot be determined without a proper frame of reference, and motions in limine pertaining to such evidence should be denied. See Tzoumis v. Tempel Steel Co., 168 F. Supp. 2d 871, 873 (N.D. Ill. 2001). Of course, such a denial does not mandate that the subject evidence be admitted at trial; rather, it allows the court to address pertinent questions of admissibility within a proper context. Hawthorne Partners, 831 F. Supp. at 1400-01. Moreover, a district court can alter a previous ruling on a motion in limine. Luce v. U.S., 49 U.S. 38, 41-42, 105 S. Ct. 460 (1984). With these principles in mind, we address the motions before us.

## DISCUSSION

Several of the pending motions are undisputed and are therefore granted. The parties may not refer to the fact that Defendants are represented by Corporation

Counsel of the City of Chicago ("the City") (Defendants' Motion 1). No party may refer to indemnification of the Defendants by the City, nor to Defendants' ability to pay any compensatory damage award (Defendants' Motion 2). No party may argue in closing argument that Basile has asked for more money than he expects to receive (Plaintiff's Motion 7). No party may address the propriety of the criminal charges brought against Basile, seek to introduce evidence that Basile was in custody during his hospitalization, or the effects that the fact of his arrest may have had on him (Defendants' Motion 4). Relatedly, no party may mention the disposition of the criminal charges brought against Basile in connection with the underlying arrest (Defendants' Motion 5). The parties are barred from introducing evidence that Basile's alleged damages were caused by an officer or City employee other than Onorato or Fuller (Defendants' Motion 7). No party may refer to any loss of income that Basile allegedly suffered (Defendants' Motion 11). The parties may not mention the investigation of Basile's arrest by the Office of Professional Standards except for impeachment purposes (Defendants' Motion 12). No party may introduce any testimony or evidence of payment of attorneys' fees in either this case or the underlying criminal case (Defendants' Motion 15). No party may refer to any duty, failure to act, or any standard of care other than that defined in the instructions given to the jury (Defendants' Motion 17). No party may refer to Basile's alcoholism (Plaintiff's

Motion 10). No party may introduce evidence pertaining to attempts made by any party to settle this case (Defendants' Motion 21). No party may offer evidence of any awards or accommodations Defendants have received (Plaintiff's Motion 9). Witnesses other than the parties shall be excluded from the courtroom during the testimony of other witnesses or presentation of evidence not offered during their testimony (Defendants' Motion 24). No party may offer any undisclosed witnesses or exhibits not specifically listed in the final pretrial order, except to the extent necessary for rebuttal or impeachment (Defendants' Motion 25, Plaintiff's Motions 3 and 4).

Pursuant to our in-court statements of April 21, 2003, Basile may not introduce evidence as to any permanent or as yet unmanifested injury (Defendants' Motion 8). See Exh. A to Defendants' Reply in Support of their Motions in Limine. Furthermore, his testimony regarding his medical status is limited to his own subjective perception of his injuries or other conditions (Defendants' Motion 9). He may not introduce evidence with respect to the City's training, monitoring, control, discipline, or hiring of police officers (Defendants' Motion 14). Basile may not refer to or question witnesses about the Fraternal Order of Police disclaimer contained in the police internal investigation reports, and any such disclaimers contained in documents he wishes to offer to the jury must be redacted before the evidence is offered (Defendants' Motion 16). This decision does not bar Basile from referring to information contained

in the reports other than the disclaimer. He may not argue or comment upon any failure by Defendants to provide him with medical care (Defendants' Motion 18). He may not introduce testimony or other evidence that Defendants acted wrongfully on occasions other than the one forming the basis of this suit (Defendants' Motion 19). No evidence or argument may be offered regarding a police "code of silence" or widespread cover-ups of police misconduct, including the use of the phrase "code of silence" (Defendants' Motion 20). However, our decision on Motion 20 does not prevent Basile from arguing that a witness is biased by virtue of his or her relationship to the Defendants, e.g., both are members of the police force. Because the sole cause of action in this case revolves around the use of excessive force, and not conspiracy, Basile may not advance evidence that Defendants or other police officers conspired to falsify police reports or to provide perjured testimony during the internal investigation (Defendants' Motion 22).[1] Basile may not offer any evidence regarding the lack of a recording of the events of his arrest, as well as allegations of excessive force or other

---

[1] The limitation contained in Basile's response to Defendants' Motion 23, i.e., that he wishes to question Defendants as to "whether they met and discussed testimony and what would go into the reports," seems be better suited as a response to Motion 22. However, as stated, this language is not offered in response to Motion 22; that answer unequivocally states that Basile has no objection to the motion to bar testimony of any conspiratorial acts allegedly transpiring after the arrest. In any event, Defendants' assertion that these allegations do not bear on the excessive force claim is well taken, and Motion 22 is granted without qualification.

police misconduct by officers other than the events of January 28, 2002 at issue in this case (Defendants' Motion 23).

The remaining motions are denied, without prejudice. The parties are reminded that the denial does not automatically render the evidence discussed within these motions admissible. Hawthorne Partners, 831 F. Supp. at 1400-01. Should one of the parties offer the subject evidence at trial, we will revisit the pertinent questions of admissibility at that time.

## CONCLUSION

Based on the foregoing analysis, Defendants' Motions 1, 2, 4, 5, 7-9, 11, 12, and 14-25 are granted. Plaintiff's Motions 3, 4, 7, 9, and 10 are also granted. The remaining motions are denied.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: December 11, 2003